UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 8:25-cv-00311-SVW-ADS | Date | January 9, 2026 |
|---|---|---|---|
| Title | *Alin Pop v. Jaxxon, LLC* | | |

Present: The Honorable    STEPHEN V. WILSON, U.S. DISTRICT JUDGE

| Daniel Tamayo | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| N/A | N/A |

**Proceedings:** ORDER GRANTING DEFENDANT JAXXON LLC'S MOTION TO DISMISS FIRST AMENDED COMPLAINT [28] AND GRANTING DEFENDANT SOFIA BEVARLY'S MOTION TO DISMISS FIRST AMENDED COMPLAINT [34].

### I.   Introduction

The First Amended Complaint ("FAC") in this case was filed by Plaintiff Alina Pop ("Pop") on July 11, 2025. ECF No. 20. The FAC alleges a class action against Defendant Jaxxon, LLC. ("Jaxxon") and four individual defendants: Emily Sears, Emily Tanner, Sofia Bevarly, and Kaylyn Slevin (collectively, the "Influencer Defendants"). Of the Influencer Defendants, only Defendant Bevarly has appeared. Before the Court now are two motion to dismiss the FAC, filed on August 8, 2025, and September 22, 2025, by Defendants Jaxxon and Bevarly, respectively. ECF Nos. 28, 34. For the following reasons, the Court GRANTS both motions.

### II.   Legal Standard

A motion to dismiss under Rule 12(b)(6) challenges the legal sufficiency of the claims stated in the complaint. See Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, the plaintiff's complaint "must

:

Initials of Preparer    DTA

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 8:25-cv-00311-SVW-ADS | Date | January 9, 2026 |
|---|---|---|---|

| Title | *Alin Pop v. Jaxxon, LLC* |
|---|---|

contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A complaint that offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id.*; *see also Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (citing *Iqbal*, 556 U.S. at 678).

In reviewing a Rule 12(b)(6) motion, a court "must accept as true all factual allegations in the complaint and draw all reasonable inferences in favor of the nonmoving party." *Retail Prop. Trust v. United Bhd. of Carpenters & Joiners of Am.*, 768 F.3d 938, 945 (9th Cir. 2014). Thus, "[w]hile legal conclusions can provide the complaint's framework, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679.

### III. Discussion

The Court has carefully reviewed Plaintiff's FAC and finds it to be conclusory, prolix, vague as to central allegations, and deficient in jurisdictional allegations.

Plaintiff's central contention is that Defendant Jaxxon sold products through a scheme of deceptive advertising, whereby social media "influencers" shared endorsements of Jaxxon's products without disclosing that they were paid advertisements. Plaintiff alleges that the putative class members purchased Jaxxon products after seeing the influencers' endorsements, but the class members would not have purchased the Jaxxon products had they known the influencers were paid by Jaxxon.

Though the deceptive advertising practices alleged were apparently perpetrated by the Influencer Defendants—by sharing endorsements through online social media without identifying them as paid endorsements—the FAC aims to attribute this conduct to Jaxxon itself. However, the FAC is deficiently

:

| Initials of Preparer | DTA |
|---|---|

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 8:25-cv-00311-SVW-ADS | Date | January 9, 2026 |
|---|---|---|---|
| Title | *Alin Pop v. Jaxxon, LLC* | | |

vague in its allegations concerning how Jaxxon exercised control over the Influencer Defendants so as to assume vicarious liability for their actions. The FAC merely alleges that "a number of carefully selected influencers will pretend to use products from JAXXON brands and present this fact to their followers, while being properly compensated, without disclosing any material relationship with any JAXXON entity." FAC ¶ 55. The FAC does not however, directly allege that obfuscation of compensation was a condition of the advertising contract, that Jaxxon exercised any sort of continued control over the Influencer Defendants in the form of their advertising, or even that Jaxxon instructed the Influencer Defendant's not to identify the advertisements as paid endorsements. Therefore, the Court finds the FAC, as drafted, insufficient to state a claim vicariously against Jaxxon for the allegedly deceptive advertising practices of the Influencer Defendants.

As for the Influencer Defendants themselves, Plaintiff fails to identify or directly allege the particular endorsements that caused the alleged harm to Plaintiff and the putative class. Moreover, Plaintiff's FAC insufficiently pleads key jurisdictional facts. The FAC claims that federal subject matter jurisdiction exists over these state law causes of action under the Class Action Fairness Act ("CAFA"). However, Plaintiff does not allege with sufficient particularity the facts required to establish the $5,000,000 amount in controversy required for CAFA jurisdiction.

Plaintiff contends that "Plaintiffs and Class Members purchase [Jaxxon] products at inflated prices." FAC ¶ 57; *see also* FAC at ¶ 26 ("But for the false endorsements by the influencers…Plaintiff and the Class Members would not have purchased JAXXON products ***at the price they purchased it for***") (emphasis added). In other words, Plaintiff alleges that the putative class would have purchased the same quality products that they bought from Jaxxon from competitors with lower prices, thus avoiding Jaxxon's premium. The loss to the class members is therefore allegedly the difference in price between the Jaxxon product and the price offered for comparable products by Jaxxon's competitors. *See* id. at ¶ 10 ("Plaintiffs and the Class Members…purchased JAXXON products and paid a premium …Plaintiff filed this action to recover the difference between the price paid and the market value of the products as purchased).

| | : |
|---|---|
| Initials of Preparer | DTA |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 8:25-cv-00311-SVW-ADS | Date | January 9, 2026 |
|---|---|---|---|

| Title | *Alin Pop v. Jaxxon, LLC* |
|---|---|

In Plaintiff's case, Plaintiff allegedly purchased a Round Box Chain from Jaxxon, for a total of $84.53, including tax. Id. at ¶ 61. Plaintiff does not allege with particularity how much an identical product could have been purchased for from a competitor, but Plaintiff generally alleges that Jaxxon's prices are "usually 10-40% more than those of their competitors for the same quality products." In Plaintiff's case, liberally assuming a ~30% premium—on the upper side of that range—Plaintiff was allegedly overcharged by roughly $20. Therefore, assuming Plaintiff's injury is representative, to meet the jurisdictional requirement, the class would necessarily include 250,000 individuals.

Plaintiff does allege that the class is comprised of "at least one million people." Id. at ¶ 45. However, the Court finds this allegation to be conclusory and implausible. Elsewhere in the Complaint, Plaintiff alleges that Jaxxon claims a *historical total* only of 'over 1 million happy customers,' since it began in 2017. Id. at ¶¶ 11, 13. The putative class, however, can only plausibly be significantly smaller than Jaxxon's total number of customers, because it is limited only to customers who purchased from Jaxxon after June 24, 2019. FAC ¶ 76. Moreover, the class is further limited to a subset of those customers, who not only purchased the Jaxxon products exclusively because of the endorsements of the Influencer Defendants but also would not have purchased the products had they known the endorsements were made under contract with Jaxxon. In this context, the Court finds the conclusory allegation that the class consists of "at least one million people" to lack the particularity required to plead jurisdiction.

Furthermore, Plaintiff alleges, "JAXXON revenue is over $5 million per year, a good part of which can be directly attributed to the undisclosed endorsements received on social media, therefore the estimated damages in this case are of at least US $5,000,000." Id. at ¶ 44. The Court also finds this allegation conclusory and lacking in particularity to plead jurisdiction. Taking the allegation as true, Jaxxon had a revenue of approximately $30 million during the class period. Liberally assuming that the class members accounted for 50% of that total revenue and again, liberally construing an average premium of 30%, simple arithmetic reveals that the amount in controversy would not be met.

|  | : |
|---|---|
| Initials of Preparer | DTA |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 8:25-cv-00311-SVW-ADS | Date | January 9, 2026 |
|---|---|---|---|
| Title | *Alin Pop v. Jaxxon, LLC* | | |

### IV. Conclusion

For the foregoing reasons, Plaintiff's first amended complaint is DISMISSED.

**IT IS SO ORDERED.**

|  | : |
|---|---|
| Initials of Preparer | DTA |